IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| JASON ROEDING, | ) | |
| | ) | |
| Petitioner, | ) | |
| vs. | ) | Case No. 19-cv-959-DWD |
| | ) | |
| WARDEN FCI GREENVILLE, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Petitioner Jason Roeding was convicted and sentenced to a 77-month imprisonment in the United States District Court for the Northern District of Iowa, Case No. 13-CR-03036, for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Doc. 1; Doc. 14-1). On September 3, 2019, while incarcerated at FCI-Greenville, Petitioner filed his Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging his conviction and sentence, relying on the Supreme Court's decision in *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019) (Doc. 1).

Now before the Court is Respondent's Motion to Dismiss the Petition (Doc. 14). Respondent asserts that Petitioner has not previously challenged his conviction or sentence in a motion brought pursuant to 28 U.S.C. § 2255, and therefore cannot show that relief under § 2255 is "inadequate or ineffective to test the legality of his detention" so to bring the instant § 2241 challenge (Doc. 14). Petitioner did not respond to the Motion, and pursuant to Local Rule 7.1(c), the Court may, in its discretion, construe Petitioner's failure to respond as an admission of the merits of the Motion.

Preliminarily, the Court notes that it retains jurisdiction over this matter, even though Petitioner has been released from confinement[1] and now resides outside this district (Doc. 4). Nevertheless, the Court retains jurisdiction over this matter because jurisdiction was proper in this District when Petitioner filed his Petition. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (petitioner satisfies the "in custody" requirement so long as the petitioner was incarcerated at the time the petition was filed); *Thomas v. Zaruba*, 188 Fed.Appx. 485, 487 (7th Cir. 2006); *Ross v. Mebane*, 536 F.2d 1199, 1201 (7th Cir. 1976) (Habeas jurisdiction is determined at the time the petition is filed).

## **Discussion**

Generally, petitions for writ of habeas corpus under 28 U.S.C. § 2241 may not be used to raise claims of legal error in conviction or sentencing; they may only challenge the execution of a sentence. *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Thus, aside from the direct appeal process, a prisoner who has been convicted in federal court is ordinarily limited to challenging his conviction and sentence by bringing a motion pursuant to 28 U.S.C. § 2255 in the court which sentenced him. *Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003). A prisoner may only challenge his federal conviction or sentence under 28 U.S.C. § 2241 in very limited circumstances.

Section 2255(e) contains a "savings clause" which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); *United States v. Prevatte*, 300 F.3d 792,

---

[1] According to information available from the Federal Bureau of Prisons, Petitioner was released from confinement on April 9, 2020. *See* https://www.bop.gov/inmateloc/ (last viewed July 13, 2021).

798-99 (7th Cir. 2002). Section 2255 relief is inadequate "when it is so configured as to deny a convicted defendant *any* opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *In re Davenport*, 147 F.3d 605, 611 (7th Cir. 1998) (emphasis in original). Instead, before relief under § 2241 becomes available, a petitioner must demonstrate the inability of a § 2255 motion to cure the alleged defect in their conviction because of a structural problem inherent in § 2255. *See Webster v. Daniels*, 784 F.3d 1123, 1136 (7th Cir. 2015) (Petitioner must show "something more than a lack of success with a section 2255 motion" before the savings clause is satisfied).

Following *Davenport* and its progeny, the Seventh Circuit has developed a three-part test for determining whether § 2255 is inadequate or ineffective so to trigger the savings clause:

> 1. The federal prisoner must seek relief based on a decision of statutory interpretation (as opposed to a decision of constitutional interpretation, which the inmate could raise in a second or successive § 2255 motion);
>
> 2. The statutory rule of law in question must apply retroactively to cases on collateral review *and* could not have been invoked in a first § 2255 motion; and
>
> 3. A failure to afford the prisoner collateral relief would amount to an error "grave enough" to constitute "a miscarriage of justice."

*Worman v. Entzel*, 953 F.3d 1004, 1008 (7th Cir. 2020) (emphasis in original) (citing *Montana v. Cross*, 829 F.3d 775, 783 (7th Cir. 2016) and *Beason v. Marske*, 926 F.3d 932, 935 (7th Cir. 2019)); *see also Chazen v. Marske*, 938 F.3d 851, 856 (7th Cir. 2019).

Here, Petitioner cannot satisfy the threshold requirement to bring a § 2241 action under the "savings clause" of § 2255(e), namely, a showing that § 2255 procedure is inadequate or ineffective to challenge his conviction or detention. Petitioner relies on the 2019 *Rehaif* opinion, in which the Supreme Court held, as a matter of statutory interpretation, that "in a prosecution under 18 U.S.C. § 922(g) and § 924(a)(2), the government must prove both that the defendant knew he possessed a firearm and that he knew he belonged to the relevant category of persons barred from possessing a firearm." *Rehaif v. United States*, 139 S. Ct. 2191, 2200 (2019).

Respondent concedes that the rule announced in *Rehaif* is retroactively applicable on collateral review in Section 2255 proceedings, pursuant to a directive from the Department of Justice (*See* Doc. 14, p. 5). Further, Petitioner has never filed a motion under 28 U.S.C. § 2255 in the sentencing court (Doc. 1; Doc. 14). As such, Petitioner is not categorically barred from pursuing his *Rehaif* claim in the Northern District of Iowa. Further, the fact that a meritorious defense may exist to a subsequent § 2255 proceeding does not render such a proceeding "inadequate or ineffective." *Taylor v. Gilkey*, 314 F.3d 832 (7th Cir. 2002) (A section 2255 proceeding "is 'inadequate or ineffective' only when a structural problem in § 2255 forecloses even one round of effective collateral review – and then only when as in *Davenport* the claim being foreclosed is one of actual innocence."); *see also Cradle v. United States ex rel. Miner*, 290 F.3d 536 (3rd Cir. 2002) ("Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. The provision exists to

4

ensure that petitioners have a fair opportunity to seek collateral relief, not to enable them to evade procedural requirements.") (internal citations omitted). Because a § 2255 proceeding is available to him, Petitioner cannot satisfy the threshold requirement to bring a § 2241 action under the "savings clause" of § 2255(e), namely, a showing that § 2255 procedure is inadequate or ineffective to challenge his conviction or detention.

## Conclusion

For the above-stated reasons, Petitioner cannot show that a § 2255 proceeding is inadequate or ineffective to test the legality of his detention. Therefore, Respondent's Motion to Dismiss (Doc. 14) is **GRANTED**. Petitioner Jason Roeding's Petition (Doc. 1) is **DISMISSED without prejudice**. The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

It is not necessary for Petitioner to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000). If Petitioner wishes to appeal, he may file a notice of appeal with this Court within 30 days of the entry of judgment. Fed. R. App. P. 4.

**SO ORDERED.**

Dated: July 13, 2021

_____
DAVID W. DUGAN
United States District Judge